Walker Estate

*Walter L. Hill, Jr.*, for accountants.

*William Vincent Mullin* and *Russell J. O'Malley*, for claimants.

*Joseph E. Gallagher*, for Macfarren estate.

*Carl Carey*, for Commonwealth.

BRADY, P. J., June 24, 1959.—The auditing judge, by adjudication of January 16, 1959, found that the four claimants were first cousins of decedent and that the balance of the estate in the hands of the administrators should be distributed equally between the estate of Mary Acheson Reinoehl Macfarren, a first cousin on the maternal side, and Dorothy Walker Helm, Frances Walker Lawritson and the estate of Harriet Sophia Walker, known as the Walker Claimants, first cousins on the paternal side.

The estate of Mary Acheson Reinoehl Macfarren duly filed exceptions to the adjudication which made award to the Walker claimants. No exceptions were filed to the court's award to the estate of Mary Acheson Reinoehl Macfarren. Complete documentary proof of her relationship to decedent was produced.

Have the Walker claimants established their relationship as first cousins of Marcus A. Walker, decedent, through the latter's father, Francis V. Walker, by a fair preponderance of the credible evidence, and does it meet every requirement of the law? This is the issue raised by the Macfarren exceptions. A careful review of the record leaves no room for doubt in the court's mind that the Walker claimants proved their necessary statutory kinship to decedent. The court was convinced by the direct testimony of claimants and the answers to interrogatories of the witness, T. E. Jewell.

As Justice Kephart stated, in Link's Estate (No. 1), 319 Pa. 513, at page 519: "Direct testimony is of

a higher grade and should be insisted upon in pedigree cases".

Even if the court were to agree with the contention of the Macfarren counsel that all the documentary exhibits of the Walker claimants violate, in one way or another, the pedigree exception to the hearsay rule or the law relative to the admissibility of public documents, we would still be convinced that the Walker claimants are first cousins of decedent.

The Walker claimants contend that Francis V. Walker, father of decedent, Henry A. Walker, Edward O. Walker, Austin B. Walker, George C. Walker and William F. Walker were sons of Nathan Walker. It is indisputable that Francis V. Walker was born in Maine and was a chief clerk in the United States Navy office at Washington, D. C., residing at 1526 Corcoran Street, N. W., when he died on April 2, 1915. The 1860 census showed that a Walker family lived in Orland, Hancock County, Me., and among the children was one Frank, age 25. The official register of persons in the civil, military and naval service of the United States for the year 1911 shows that Frank V. Walker came from Hancock County, Me. The copy of his acceptance and oath of office indicates he was born on February 23, 1836, at Northport, Me. The Walker claimants assert they descended from natives of Orland who later moved to Ellsworth, Me., and offered a deed of April 30, 1960, from Francis V. Walker, joined by his wife, Katherine D. Walker, to Burton B. Walker of Ellsworth, Hancock County, Me., conveying a property situate in Ellsworth, Me. Said grantee, Burton B. Walker, was a brother of Harriet Sophia Walker, claimant first cousin of decedent.

Mrs. Dorothy Walker Helm, claimant, testified that her father, George Walker, was born in Orland, Me., on July 12, 1847, that he married Jennie Smith about

October 2, 1872, at Ellsworth, Me., that she knew her uncle, Francis Walker, who lived on Corcoran Street, Washington, that as a child she had visited at her Uncle Frank's home on Corcoran Street and met his wife, "Aunt Kate", and her sister Annie and also Marcus. The will of Francis V. Walker mentions an Annie M. Davis, sister of his wife, as a legatee. Too, the Macfarren proof shows Annie M. Davis was a member of Francis V. Walker's household. She also testified that her paternal grandfather's name was Nathan Walker and her grandmother's name was Harriet, that they lived in Ellsworth, that her grandfather married twice, his second wife having been Henrietta Lewis, that she met her cousin, Marcus Walker, decedent, on one of her Washington visits, that on another trip he was away at Lehigh University studying engineering and that decedent's parents made visits to her parents at Brooklyn.

Harriet Sophia Walker, by deposition, testified she and her two brothers were born in Ellsworth, Me., that her father was Austin B. Walker, son of Nathan and Harriet Walker of Ellsworth, who was born in Orland, Me. She remembered that her father had brothers whose names were Henry Augustus, George, William, Francis and Edward. She also remembered his sister Lizzie who lived in Orland and died in Ellsworth. She testified that her Uncle Francis, a Navy pay officer, lived in Washington, that his wife's name was Katherine, that he had a son Marcus whom she met in Ellsworth when they were children, that her Uncle George married and had two children, a daughter Dorothy, who married, but she did not know whom, and a daughter Ray who married Edson Jewell. She further testified that her father had a brother William who lived out west, but she had never

seen him and did not know his family. Her age was 76 when her deposition was taken and she was in poor health and died on February 28, 1958, a resident at the Peabody Home in Brooklyn, where a summary of her social history, dated November 10, 1950, was kept and indicates her birth at Ellsworth, Me., on May 6, 1881, and her father's birth at Orland, Me., in 1844.

Mrs. Frances Harriet Walker Lawritson, claimant, testified that her father, William F. Walker, was born in Ellsworth, Me., on December 2, 1855 or 1856, and his parents were Nathan and Harriet Walker, and that he had five brothers, including Frank V. Walker, a resident of Washington, D. C., that her Uncle Frank Walker, who worked in the "Navy Paymaster office", had a son Marcus, that she had a paternal uncle, George C. Walker, born at Ellsworth, who had two daughters, one of whom was Ray R. Jewell, wife of T. Edson Jewell, whose deposition appears in the record, that her father told her that Uncle Frank, Francis V. Walker, lived in Washington and had a child, a son, Marcus, and her own report of marriage, dated October 24, 1928, indicates her father's birthplace as Ellsworth, Me.

T. E. Jewell, Sr., testified in interrogatories that he married Ray R. Walker on May 13, 1896, in Brooklyn, N. Y., who died December 20, 1942, that her parents were George C. Walker and Jennie Smith, that he knew that his wife's father had brothers, one of whom was Francis Walker of Washington, D. C., and others of whom were Austin of Ellsworth, Me., and William from out west, that he knew and met Marcus Walker, decedent, when he was young, in Washington, D. C., that his father was Francis Walker, that Marcus was born in Washington around 1885, that he later lived in Scranton, that Austin had two boys and a girl they called Sophie, but that Harriet was her name, and

that he knew his wife had a paternal uncle, William Walker, and his wife told him she had a first cousin, Marcus Walker of Scranton.

The court is satisfied that the direct testimony of the Walker claimants and of T. E. Jewell, Sr., firmly support their claim as first cousins of decedent. Proof that Francis V. Walker was born in Hancock County, Me., is legally sufficient to prove common origin or provenance. The court is satisfied that Francis V. Walker, decedent's father, was actually born in Northport, Hancock County, Me., and that the testimony to support this origin is reliable. The instant case differs from Link's Estate (No. 1), 319 Pa. 513, because in that case there was no reliable testimony to show that decedent ever lived in a large political division of Germany known as Bavaria.

Claimants' testimony of declarations made by their respective fathers and T. E. Jewell's testimony of his wife's declarations, supra, as to a brother, Francis V. Walker, living in Washington and having a son, Marcus Walker, decedent, are admissible under the ruling of Sitler v. Gehr, 105 Pa. 577, 593 (1884), where a claimant was allowed to testify to his mother's declarations concerning his father's family.

It is the opinion of the court, and we do so find, that Dorothy Walker Helm, Frances Harriet Walker Lawritson and Harriet Sophia Walker, now deceased, who claim to be first cousins of Marcus Walker, deceased, have met the necessary burden to prove such kinship by a fair preponderance of trustworthy and satisfying evidence.

Now, June 24, 1959, it is hereby ordered and decreed that the adjudication of January 16, 1959, is confirmed finally and the exceptions of claimant Macfarren to the adjudication be, and are hereby dismissed.

*Sur Exceptions of Hoover*

Now, June 24, 1959, it appears to the court, after testimony taken sur exceptions, that G. Carroll Hoover, deceased, administrator c. t. a., is entitled to additional compensation in the sum of $2,000, and it is therefore allowed.

The supplemental account covering the period from June 8, 1957, to May 21, 1959, shows a balance for distribution of $136,500.92, which includes an overdraft of $370.19 pertaining to a real estate account concerning a possible interest of decedent in property at 438 North Pine Street, Lancaster. The administrators d. b. n. c. t. a. are instructed to seek reimbursement for this overdraft from rents or future liquidation of this real estate and to distribute any interest in the proceeds in accordance with the findings made in this adjudication.

*Distribution Is Therefore Awarded as Follows:*

| | |
|---|---|
| Balance for distribution shown by supplemental account | $136,500.92 |
| Deduct: Additional compensation to Estate of G. Carroll Hoover, deceased administrator c. t. a. .............. | 2,000.00 |
| which balance of ........... | $134,500.92 |

is awarded as follows:

| | |
|---|---|
| To estate of Mary Acheson Reinoehl Macfarren, deceased first cousin of decedent, ¼th thereof, ..................$ | 33,625.23 |
| To estate of Harriet Sophia Walker, deceased first cousin of decedent, ¼th thereof, .. | 33,625.23 |
| To Dorothy Walker Helm, first cousin of decedent, ¼th thereof, ................. | 33,625.23 |

To Frances Walker Lawritson, first cousin of decedent, ¼th thereof, ............  33,625.23  $134,500.92

And now, June 24, 1959, this adjudication is confirmed finally.